**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

In re: LEE EDWARD GAINES,

                Debtor.            Bankruptcy Case No. 3:05-bk-14608-GLP

LEE EDWARD GAINES,

                Appellant,

vs.                                                    Case No. 3:07-cv-1158-J-32

AARON R. COHEN, Trustee,

                Appellee.

**ORDER**[1]

This case is before the Court following an appeal by Debtor-appellant Lee Edward Gaines of an Order of the United States Bankruptcy Court for the Middle District of Florida, dated April 18, 2007, denying Debtor's motion for reconsideration of an order overruling Debtor's objection to Trustee's notice of public auction (Doc. 1, Attach. 3). The bankruptcy court's Findings of Fact and Conclusions of Law accompanied the Order (Doc. 1, Attach. 2).

This Court is sitting in an appellate capacity. It therefore must review the bankruptcy court's legal conclusions de novo and must accept the bankruptcy court's factual findings unless they are clearly erroneous. See e.g., In re Englander, 95 F.3d 1028, 1030 (11th Cir. 1996).

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

**I. Background**[2]

From 1983 to 1999, Debtor lived in a mobile home on the lot at 8942 Dandy Avenue, Jacksonville, Florida (the "Property"). In 1999, Debtor fell ill and moved in with his brother. In his absence, the City of Jacksonville obtained over $6,000 in secured municipal liens against the Property and authorized demolition of the mobile home, as it had been damaged and had fallen into disrepair. When he learned of the liens in 2004, Debtor could afford neither to pay them nor to purchase a new mobile home for the Property.

On October 13, 2005, Debtor filed a pro se petition for Chapter 7 bankruptcy relief and claimed the Property, then a vacant lot, as exempt under the homestead exemption contained in Article X, § 4 of the Florida Constitution. The bankruptcy court granted Debtor a discharge of his debts on June 7, 2006. Aaron R. Cohen, trustee in the case ("Trustee"), objected to Debtor's claimed exemption because Debtor did not reside on the Property. At the July 12, 2006 hearing on Trustee's objection, from which Debtor was absent,[3] Trustee testified Debtor did not reside on the Property and had listed his brother's address as his street address on the petition. The court sustained Trustee's objection.

---

[2] The following facts are largely undisputed and are contained in the bankruptcy record on appeal. (See generally Doc. 1) The only fact about which the parties disagree is the ultimate issue in the case, whether Debtor abandoned his property so as to prevent him from claiming it under Florida's homestead exemption.

[3] Debtor claimed that he received no notice of this hearing while Trustee says that he did.

On November 3, 2006, Trustee filed a Notice of Public Auction describing the Property as a "residential, vacant lot" and scheduling the auction for November 25, 2006. On November 21, 2006, Debtor filed an objection to Trustee's Notice of Public Auction; no hearing was held on the objection.[4] The auction proceeded as planned and the lot was sold.

On January 5, 2007, Debtor filed an amended Schedule C, listing the Property as exempt homestead land valued at $13,650.00.[5] On January 10, 2007, the bankruptcy court heard Debtor's objection to Trustee's Notice of Public Auction and overruled it in an Order dated January 12, 2007.

On January 26, 2007, Debtor filed a motion for reconsideration of the January 12th Order. At a March 14, 2007 hearing on the motion, the bankruptcy court received into evidence five of Debtor's six exhibits.[6] The court told Debtor the purpose of the proceeding was to hear Debtor's objection to the auction notice, not to address the exemption, but also said Debtor could "have his day in court and tell [the court] exactly

---

[4] Pursuant to Local Rule 2002-4, the bankruptcy court was not required to hold a hearing prior to the auction. Debtor admitted receiving a notice explaining the rule, which provided in pertinent part, "if you file and serve an objection within the time permitted, the Court may schedule a hearing and you will be notified." (emphasis added)

[5] Debtor's original Schedule C listed the Property's value as $9,000.00.

[6] The bankruptcy court received without objection Debtor's Exhibits 2 (Notice of Public Auction Sale); 3 (Debtor's Objection to Public Auction Sale); 4 (Debtor's Chapter 7 statement of intention to retain the Property); 5 (Schedule D describing the lien on the Property) and 6 (case law). The bankruptcy court sustained Trustee's hearsay objection to Debtor's Exhibit 7 (Debtor's statement of issues). To clarify, Debtor's "statement of intention" contained in Debtor's Exhibit 4 refers to his intention to claim the Property as exempt, not his intention to reoccupy it.

what he wants to do."[7] Debtor testified he did not live on the Property when he filed his petition, and after he fell ill and the mobile home was destroyed he could not return to the Property because he was unable to pay off the lien. Debtor testified that at the Section 341 Meeting of Creditors, he told Trustee he intended to reoccupy the Property.[8] After Debtor testified, the court told him, "I understand what your position is. You've made that clear. And the Court will review it." Ultimately, the court denied the motion for reconsideration.

Debtor timely appeals, contending the bankruptcy court erred in holding the Property was not exempt.

## II. Discussion

Both parties and the bankruptcy court treated the hearing on Debtor's motion to reconsider and the bankruptcy court's final order denying that motion as substantively deciding whether Debtor could claim the Property as exempt. As such, this Court will do so as well and address only that issue.

The parties essentially agree on the principles of Florida and bankruptcy law at play. Florida's homestead exemption protects a homestead from forced sale. Fla. Const. art. X § 4. Florida's homestead exemption is liberally construed so as to protect

---

[7] In his initial brief, Debtor argued he was denied due process of law when the bankruptcy court held a hearing on Trustee's objection to Debtor's claimed exemption in Debtor's absence and allegedly failed to elicit adequate evidence of abandonment from Trustee. To the extent any deprivation occurred, it was cured by the March 14 hearing during which Debtor introduced evidence, made his argument regarding the exemption and the court fully considered it.

[8] The transcript of the Section 341 Meeting of Creditors is not in the Record on Appeal; however, the bankruptcy court considered Debtor's testimony in deciding Debtor's motion for reconsideration.

homeowners.  In re Brown, 165 B.R. 512, 514 (Bankr. M.D. Fla. 1994) (citing Hillsborough Inv. Co. v. Wilcox, 13 So. 2d 448, 450 (Fla. 1943)).  "Homestead status is established by the actual intention to live permanently in a place coupled with actual use and occupancy."  In re Frederick, 183 B.R. 968, 970-71 (Bankr. M.D. Fla. 1995).  Once a property becomes a homestead, it does not lose that status until it is abandoned.  Id. at 971.

A homestead is abandoned when it no longer serves as the owner's "bona fide home and place of permanent [residence]."  In re Frederick, 183 B.R. at 971 (quoting In re McCarthy, 13 B.R. 389, 390 (Bankr. M.D. Fla. 1981)).  In determining whether a homestead has been abandoned, the owner's intent is the main consideration and physical absence "is not determinative."  In re Mackey, 158 B.R. 509, 513 (Bankr. M.D. Fla. 1993).  Whether a homestead has been abandoned is a factual question requiring a court to "consider the facts and circumstances of each individual case."  Id. (citing In re McCarthy, 13 B.R. at 389).  The objecting party has the burden of demonstrating that the party seeking the exemption is not so entitled.  In re Brown, 165 B.R. at 514.

The bankruptcy court found there was insufficient evidence of Debtor's intent to live permanently on the Property.  "Deference to the bankruptcy court's findings is 'particularly appropriate' because the intent determination will often depend on that court's 'assessment of the debtor's credibility.'"  See Jennings v. Maxfield, --- F.3d ----, 2008 WL 2695820 (11th Cir. July 11, 2008) (quoting In re Krehl, 86 F.3d 737, 743 (7th Cir. 1996)).[9]  Debtor's bare testimony was the only evidence of his intent to re-occupy

---

[9] While the bankruptcy court made the bulk of its "intent" findings under the "Conclusions of Law" section of its opinion (see Doc. 1, Attach. 2), these were actually

5

the Property as his homestead in the future; he presented no evidence of action taken to reoccupy the Property.  The court found Debtor had admitted he could not afford to rebuild his home, had provided no evidence of intent to sell the Property and use its proceeds to purchase a new homestead, had failed to maintain the Property in his absence and had done nothing to prepare it for future use.  Further, the court found Debtor offered no evidence regarding his illness other than his own testimony.  The court found the City of Jacksonville held over $6,000.00 in secured municipal liens against the Property.  Finally, Trustee testified that Debtor did not reside on the property when he filed for bankruptcy, and had listed a different address on his petition.

The bankruptcy court considered the facts and circumstances here and concluded that the Trustee had carried his burden of proof and that Debtor had abandoned the Property.  That conclusion must stand unless it is clearly erroneous.  In re Englander, 95 F.3d at 1028.  After considering the parties' briefs, the Court can find no clear error in the bankruptcy court's factual findings nor any error in the application of the law to those facts.

---

factual findings reviewable only for clear error.

**IV. Conclusion**

The Order of the United States Bankruptcy Court for the Middle District of Florida Denying Debtor's Motion for Reconsideration of Order Dated January 12, 2007, Overruling His Objection to Trustee's Notice of Public Auction, dated April 18, 2007, is **AFFIRMED**.  The Clerk should close the file.[10]

**DONE AND ORDERED** at Jacksonville, Florida this 5th day of August, 2008.

TIMOTHY J. CORRIGAN
United States District Judge

k.
Copies:

Hon. Paul M. Glenn, Chief Bankruptcy Judge
counsel of record

---

[10] Debtor appeared pro se in the bankruptcy court.  This Court appointed pro bono counsel to represent Debtor on appeal.  The Court greatly appreciates counsel's able service to Debtor and to this Court.